UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

------------------------------------------------------x
JASON LENZ,                                       :
                                                  :     CASE NO.:
         Plaintiff,                             :
vs.                                               :     Judge:
                                                  :
OCHSNER CLINIC FOUNDATION and                     :     Magistrate:
OCF MEDICAL FACILITIES III, INC.                  :
                                                  :
        Defendants.                            :
------------------------------------------------------x

## COMPLAINT

Plaintiff, JASON LENZ, by and through his undersigned counsel, hereby files this Complaint and sues OCHSNER CLINIC FOUNDATION and OCF MEDICAL FACILITIES III, INC. (hereinafter referred to as "DEFENDANTS"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

1

4. Plaintiff, JASON LENZ, (hereinafter referred to as "MR. LENZ"), is a person of the age of majority and a citizen of the State of Louisiana.

5. MR. LENZ resides in Tangipahoa Parish on Water Hickory Road, Ponchatoula, Louisiana 70454.

6. MR. LENZ is a qualified individual with a disability under the ADA and the LCHR. MR. LENZ is an amputee and uses a wheelchair to ambulate.

7. Due to his disability, MR. LENZ is substantially impaired in several major life activities.

8. Upon information and belief, OCHSNER CLINIC FOUNDATION, a Louisiana non-profit corporation doing business in Tangipahoa Parish, is the tenant and operator of the facility, which is the subject of this action, to wit: Ochsner Health Center – Tangipahoa, 41676 Veterans Avenue, Hammond, LA 70403 (hereinafter referred to as "the Property").

9. Upon information and belief, OCF MEDICAL FACILITIES III, INC., a foreign non-profit corporation domiciled in Delaware and doing business in Tangipahoa Parish, is the owner of the Property

10. Upon information and belief, the Property is a medical facility.

11. MR. LENZ has visited the Property to go to the doctor.

12. DEFENDANTS are obligated to comply with the ADA and the LCHR.

13. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Tangipahoa Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

14. MR. LENZ realleges and reavers the above Paragraphs as if they were expressly restated

herein.

15. The Property is a place of public accommodation, subject to the ADA, generally located at: 41676 Veterans Avenue, Hammond, LA 70403.

16. Upon information and belief, MR. LENZ has visited the Property and desires to visit the Property again in the future.

17. Upon information and belief, MR. LENZ's most recent visit to the Property prior to filing this original Complaint was on May 20, 2024.

18. During this visit, MR. LENZ had difficulty accessing the Property because there are insufficient designated-accessible parking spaces available at the Property.

19. MR. LENZ continues to desire to visit the Property but will continue to experience serious difficulty due to the insufficient number of designated-accessible parking spaces available at the Property.

20. MR. LENZ lives within close geographic proximity of the Property. MR. LENZ lives less than thirteen miles from the Property.

21. MR. LENZ plans on returning to the Property for his doctor's appointments, but fears that he will encounter the same barriers to access which are the subject of this action.

22. Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and is discriminating against MR. LENZ due to, but not limited to, the following violations which exist at the Property:

    I.    UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

        A.    There are an insufficient number of designated-accessible parking

        spaces; and

    B.    Other mobility-related ADA barriers to be identified following a complete inspection.

23. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

24. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

25. Upon information and belief, removal of the barriers to access located on the Property would provide MR. LENZ with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

26. MR. LENZ has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. LENZ is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANTS, pursuant to 42 U.S.C. § 12205.

### COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

27. MR. LENZ repeats and realleges all preceding paragraphs in support of this claim.

28. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied the conduct of DEFENDANTS.

29. At all times relevant to this action, MR. LENZ has experienced substantial limitations to

several major life activities, including walking, and uses a wheelchair for his primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

30. At all times relevant to this action, DEFENDANTS' Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

31. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

32. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

33. DEFENDANTS discriminated against MR. LENZ, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to many of the architectural barriers discussed in this Complaint.

34. MR. LENZ deems himself injured by DEFENDANTS' discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss he sustained as a result of DEFENDANTS' discriminatory conduct and deliberate indifference as alleged herein above.

35. MR. LENZ is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## PRAYER FOR RELIEF

WHEREFORE, MR. LENZ demands judgment against DEFENDANTS, and requests the following injunctive relief, damages, and declaratory relief:

A. That this Court declare that the Property, owned by DEFENDANTS, is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C. That this Court award damages to MR. LENZ pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANTS in violation of the LCHR;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. LENZ pursuant to the ADA and the LCHR; and

E. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**BIZER & DeREUS, LLC**
*Attorneys for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
GARRET S. DeREUS (LA # 35105)
EVA M. KALIKOFF (LA #39932)
3319 St. Claude Ave.
New Orleans, LA 70117

         T: 504-619-9999; F: 504-948-9996
        Email:  andrew@bizerlaw.com
           gdereus@bizerlaw.com
           eva@bizerlaw.com